THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Seth Reynolds, ) | |
| A Safeway online delivery customer, ) | |
| And all others similarly situated ) | |
| throughout Washington State and ) | |
| The United States of America, ) | |
| ) | |
| Plaintiffs, ) | NO.   2:22-CV-00197-TL |
| ) | |
| v. ) | **COMPLAINT-CLASS ACTION** |
| ) | FOR THE TORT OF FRAUDULENT |
| Safeway, Inc., a grocery store ) | INDUCEMENT AND VIOLATION OF |
| operator, and Albertson's LLC, ) | THE CONSUMER PROTECTION ACT |
| a grocery store operator, ) | (second amended) |
| and Albertsons Companies Inc. ) | |
| a grocery store management company ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW Plaintiffs, by and through their attorney, Seth M. Reynolds, and alleges:

**PARTIES**

1.1   Plaintiff-Seth Reynolds (Reynolds) is a resident of King County, Washington who used Safeway's/Albertson's online grocery delivery service.

Complaint-Class Action
2:22-CV-00197-TL

Page **1** of **9**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

1   1.2   Plaintiffs-All others similarly situated throughout Washington State, namely all individuals who used Safeway's/Albertson's online grocery delivery service within the past 4 years.

1.3   Plaintiffs-All others similarly situated throughout the United States of America, namely all individuals who used Safeway's/Albertson's online grocery delivery service within the past 4 years.

1.4   Defendant-Safeway, Inc. (Safeway) a grocery store operator doing business in King County, Washington.

1.5   Defendant-Albertson's, LLC. (Albertson's) a grocery store operator doing business in King County, Washington.

1.6   Defendant-Albertsons Companies Inc. is the sole owner and manager of Safeway, Inc. and Albertson's LLC and does business in King County, Washington.

**BACKGROUND**

2.1   Safeway advertises at all its physical locations that home delivery is available through an online ordering platform.

2.2   The home page of Safeway's online deliver service explicitly states, "You will pay the prices, fees, and other charges, and receive the promotions, offers, discounts, and savings applicable to your order at the time of online checkout, regardless of the date of scheduled delivery/pickup."

2.3   On January 4, 2022, Reynolds was induced by this representation to place an order through Safeway's online delivery service.

Complaint-Class Action
2:22-CV-00197-TL

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **2** of **9**

2.4     As part of that order, Reynolds requested 3 Signature Farms Boneless Skinless Chicken Breasts Value Pack – 4 lbs. (Chicken Packs) at a price of $11.96 each or $2.99 per pound.

2.5     When the order arrived, Reynolds received 2 Chicken Packs.

2.6     The Chicken Packs were charged at $16.16 each.

2.7     One Chicken Pack weighed 3.60 lbs.

2.8     The other Chicken Pack weighed 2.93 lbs.

2.9     The per pound price listed on both Chicken Packs was $4.49.

2.10    Reynolds believed he would be charged $2.99 per pound for whatever Chicken Packs were actually delivered based on the representations made on Safeway's website.

2.11    Safeway did not honor its delivery policy of charging the price or applying the discount applicable to the Chicken Packs at the time of online check-out.

2.12    Safeway also overcharged for one Chicken Pack by charging the greater fee of the two Chicken Packs for both Chicken Packs even though one was lighter than the other.

2.13    If Safeway had honored its online order policy, Reynolds would have been charged $10.76 for one of the Chicken Packs and $8.76 for the other.

2.14    Accordingly, Reynolds was deceptively induced into a contract which overcharged him by $12.80 both by not honoring the promotion and/or price available at the time of ordering and by charging for a greater quantity of chicken than was actually delivered.

2.15    Safeway and Albertsons's are both wholly owned and managed by Albertsons Companies Inc.

2.16    Safeway and Albertson's both use the same online ordering system and have the same online ordering policies.

Complaint-Class Action
2:22-CV-00197-TL

Page **3** of **9**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

2.17 Every online order through an Albertsons Companies Inc. property throughout Washington and throughout the United States started on the page which stated, "You will pay the prices, fees, and other charges, and receive the promotions, offers, discounts, and savings applicable to your order at the time of online checkout, regardless of the date of scheduled delivery/pickup."

2.18 Any misrepresentations on Safeway's online ordering is present in the online ordering of every Albertsons Companies Inc. owned or operated website, store, business, property or subsidiary.

2.19 Albertsons Companies Inc. owns or operates about 2,278 stores throughout 34 states and Washington D.C.

2.20 In 2020, Albertsons Companies Inc. had about $69B in sales, a gross revenue of $7.5B, and a net income of $466M.

2.21 Albertsons Companies Inc. has over 33 million weekly customers, over 27 million rewards member and operates its delivery business in 12 of the 15 largest US markets.

2.22 Albertsons Companies Inc. is ranked #1 or #2 by market share in 69% of metropolitan statistical areas.

2.23 If Albertson's/Safeway only deceived one customer per store per day to a comparable degree that it deceived Reynolds, over the past 4 years, it has defrauded various class members by about $43M.

**CLASS ACTION ALLEGATIONS**

3. <u>CR 23(a) Prerequisites.</u>

A) CR 23(a)(1) - Numerosity

Complaint-Class Action
2:22-CV-00197-TL

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **4** of **9**

3.1     The definition of the class is all individuals throughout Washington State and throughout the United States who have used Safeway's or Albertson's' online ordering system.

3.2     Safeway and Albertson's fulfill individual online orders out of physical stores.

3.3     Safeway and Albertson's operate about 2,278 store and if they only deceived one customer per store per day over the past 4 years, then they deceived about 3,325,800 individuals.

3.4     Alternatively, Safeway and Albertsons's claim to serve more than 34 million customers per week.

3.5     This amounts to over 7,072,000,000 customers over a 4-year period.

3.6     If only .1% of Safeway and Albertson's orders came through their online ordering system this would amount to 7,072,000 class members or deceptive acts.

B)     CR 23(a)(2) - Commonality

3.7     The question of law and/or fact common to the class is whether the representation on the homepage of Safeway and Albertson's online ordering platform that "[y]ou will pay the prices, fees, and other charges, and receive the promotions, offers, discounts, and savings applicable to your order at the time of online checkout, regardless of the date of scheduled delivery/pickup" is a deceptive representation under RCW 19.86.020.

C)     CR 23(a)(3) – Typicality

3.8     The class representative was an individual who went to Safeway's online ordering platform and observed the representation made on it.

3.9     The class representative was an individual who ordered through Safeway's online ordering platform and did not receive the discount which were advertised and applied at the time of the order and instead was charge according to the price on the day of fulfillment, which is the same claim brought on behalf of the class.

Complaint-Class Action
2:22-CV-00197-TL

Page **5** of **9**

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

D)   CR 23(a)(4) – Adequacy

3.10   The class representative is an adequate class representative because under *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) there is no evidence of any conflict of interest.

3.11   The class attorney has sufficient motivation to vigorously pursue this action since he has been working as a consumer protection attorney for over 10 years and is familiar with the standard compensation schemes available in consumer protection cases.

3.12   The class attorney is also aware that this Court must approve any settlement agreement and thus there is no opportunity to attempt to create a settlement which disproportionately benefits him.

4.   Class Maintenance under FRCP 23(b)(3).

4.1   In this case, the only individualized question is the extent to which any particular class member has been injured by the deceptive practices of Safeway and Albertson's.

4.2   The legal argumentation is identical for each class member so there is little interest in individual class members in controlling the litigation.

4.3   The core legal argument is based on RCW 19.86.020 so it is ideal to have litigation concentrated in a court within Washington State.

4.4   Washington courts consider class actions to be a critical piece of the enforcement of consumer protection law since without class actions, many meritorious claims would never be brought and many injured parties would never receive redress.

4.5   Additionally, all Washington State consumer protection claims are required to have a public interest impact as the action is essentially an action brought by a private attorney

Complaint-Class Action
2:22-CV-00197-TL
SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **6** of **9**

general for the benefit of all Washingtonians and the plaintiff is entitled to a public injunction which would benefit the class under RCW 19.86.090.

    4.6    So this action is inherently a representative action.

    4.7    For these reasons, a class action is superior and thus should be maintained.

## CLAIMS

    5.    <u>Violation of the CPA.</u>

    5.1    Safeway and Albertson's have violated RCW 19.86.020 by deceptively advertising a pricing policy on their websites and, after thereby inducing orders, failing to apply it or changing it.

    5.2    Safeway and Albertson's have violated RCW 19.86.020 by agreeing to charge one price for a product and then later unilaterally charging a higher price without consent and/or notification.

    5.3    Safeway and Albertson's have violated RCW 19.86.020 by charging a uniform price for products advertised as having a per weight price when the weight of the delivered products differed from each other and/or the product advertised.

    5.4    Pursuant to RCW 19.86.090, Safeway and Albertson's are liable to Plaintiffs for a) actual harm its actions caused, b) treble damages and c) attorney fees and costs.

    5.5    Pursuant to RCW 19.86.140, Safeway and Albertson's are liable for a civil penalty of $2,000 per violation of the CPA.

//

//

Complaint-Class Action  
2:22-CV-00197-TL

SETH REYNOLDS, ESQ.  
4780 32nd Ave. S #105  
Seattle, WA 98118  
seth@robertreynoldslaw.com  
Tel: 801-427-9025

Page **7** of **9**

1       <u>6.    Fraudulent Inducement.</u>

2       6.1    Safeway and Albertson's have committed the tort of fraudulent inducement

3   through the same actions which constitute a violation of the CPA.

4

5       <u>7.    Respondeat Superior.</u>

6       7.1    Safeway Inc. and Albertson's LLC are wholly owned subsidiaries of Albertsons

7   Companies Inc.

8       7.2    As such, Safeway Inc. and Albertson's LLC are agents and/or alter ego of

9   Albertsons Companies Inc. and thus Albertsons Companies Inc. is liable for any actions

10  committed by Safeway Inc. and Albertson's LLC.

11

12      <u>8.    Public Injunctive Relief</u>

13      8.1    RCW 19.86.090 provides that an individual may bring, "civil action in superior

14  court to enjoin further violations."

15      8.2    Further, the legislature in RCW 19.86.920 has declared that "the purpose of this

16  act is … to protect the public…."

17      8.3    Since RCW 19.86.090 allows for injunctions against further violations, the

18  purpose of that injunction is "to protect the public..." and is thus public injunctive relief.

19      8.4    Accordingly, Safeway and Albertson's should be enjoined from making

20  representations similar to those at issue in this care or enjoined that is should revise its order

21  processing system to conform to its representations.

22

23

Complaint-Class Action      SETH REYNOLDS, ESQ.
2:22-CV-00197-TL      4780 32nd Ave. S #105
     Seattle, WA 98118
     seth@robertreynoldslaw.com
Page **8** of **9**      Tel: 801-427-9025

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

1. For Judgment against Defendants for the damages caused to Plaintiffs.

2. For compensation for attorney fees incurred investigating the legitimacy of Defendant's behavior.

3. For treble damages, pursuant to RCW 19.86.090, calculated off of the actual damages determined by the court.

4. For a reasonable attorney's fee as determined by the court pursuant to RCW 19.86.090.

5. For a $2,000 civil penalty per violation of the Washington State CPA as provided in RCW 19.86.140.

6. For a public injunction against Safeway and Albertson's representing that "You will pay the prices, fees, and other charges, and receive the promotions, offers, discounts, and savings applicable to your order at the time of online checkout, regardless of the date of scheduled delivery/pickup…" or any other similar representation unless they fix their ordering system to comply with this representation.

Dated this March 3, 2022.

*s/ Seth Reynolds*
Seth M. Reynolds WSBA #44160
Attorney for Plaintiffs

Complaint-Class Action
2:22-CV-00197-TL

SETH REYNOLDS, ESQ.
4780 32nd Ave. S #105
Seattle, WA 98118
seth@robertreynoldslaw.com
Tel: 801-427-9025

Page **9** of **9**