THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETH REYNOLDS,

               Plaintiff,

    v.

SAFEWAY, INC., ALBERTSON'S LLC,
and ALBERTSONS COMPANIES, INC.,

               Defendants.

No. 2:22-cv-00197-TL

**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM OR TO STRIKE CLASS ALLEGATIONS**

NOTE ON MOTION CALENDAR:
April 22, 2022
Oral Argument Requested

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT............................................................................................................. 2

    A.      Mr. Reynolds must arbitrate the claims he asserts in this case. ............................ 2

        1.      Mr. Reynolds does not dispute that he agreed to individual arbitration. ......................................................................................... 2

        2.      Mr. Reynolds ignores that the parties agreed to delegate arbitrability issues to the arbitrator, and the Court cannot decide those issues........................................................................................ 3

        3.      Even if the Court considers the issue of scope, Mr. Reynolds has not shown that his claims fall outside the arbitration provision. ............... 5

    B.      Mr. Reynolds fails to show that he has alleged plausible claims for relief. .......... 7

        1.      Mr. Reynolds engages in a convoluted contract-law analysis that does not demonstrate he sufficiently alleges his CPA claim. .................... 7

        2.      Mr. Reynolds cannot wield class-action procedure to save his defectively pleaded claims.......................................................................... 8

        3.      Mr. Reynolds's failure to address the fraudulent inducement claim is an admission that Defendants' arguments have merit........................... 9

        4.      Mr. Reynolds's new allegations—pleaded only in opposition— confirm that he has not sufficiently alleged *respondeat superior* liability. ...................................................................................................... 10

    C.      Mr. Reynolds acknowledges that allowing him to proceed as both class counsel and class representative creates a conflict of interest. ............................ 11

III.    CONCLUSION......................................................................................................... 12

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abogados v. AT&T, Inc.*,
223 F.3d 932 (9th Cir. 2000) ................................................................................10

*Ahlstrom v. DHI Mortg. Co.*,
21 F.4th 631 (9th Cir. 2021) .................................................................................11

*Bastida v. Nat'l Holdings Corp.*,
No. C16-388RSL, 2016 WL 4250135 (W.D. Wash. Aug. 4, 2016).......................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................7

*Berg v. Hudesman*,
801 P.2d 222 (Wash. 1990)......................................................................................7

*Berman v. Freedom Financial Network, LLC*,
--- F.4th ---, 2022 WL 1010531 (9th Cir. Apr. 5, 2022).........................................2

*Best Buy Stores, L.P. v. Superior Court*,
137 Cal. App. 4th 772 (Cal. Ct. App. 2006) .........................................................12

*Biller v. Toyota Motor Corp.*,
668 F.3d 655 (9th Cir. 2012) ..................................................................................4

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) .................................................................................3

*Confederated Tribes & Bands of Yakama Nation v. Yakima Cty.*,
963 F.3d 982 (9th Cir. 2020) .................................................................................10

*Fernandez v. Bridgecrest Credit Co.*,
2022 WL 898593 (9th Cir. Mar. 28, 2022)..........................................................5, 6

*Flores v. Uber Techs.*,
No. 17-CV-8503-PSG-GJS, 2018 WL 5937253 (C.D. Cal. Sept. 5, 2018)..............3

*Gardner v. Martino*,
563 F.3d 981 (9th Cir. 2009) ................................................................................11

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Hagstrom v. Safeway Inc.*,
No. C20-1160 RAJ-TLF, 2020 WL 6826736 (W.D. Wash. Nov. 20, 2020)..........................10

*Hall Street Associates, LLC v. Mattel, Inc.*,
552 U.S. 576 (2008)..................................................................................................................4

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
719 P.2d 531 (Wash. 1986).....................................................................................................7, 8

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
--- U.S. ----, 139 S. Ct. 524 (2019) ......................................................................................3, 5

*Hodges v. Comcast Cable Commc'ns, LLC*,
21 F.4th 535 (9th Cir. 2021) .................................................................................................5, 6

*In re California Micro Devices Securities Litigation*,
168 F.R.D. 257 (N.D. Cal. 1996)............................................................................................11

*In re Wyze Data Incident Litig.*,
No. C20-0282-JCC, 2020 WL 6202724 (W.D. Wash. Oct. 22, 2020) .....................................3

*La Mar v. H & B Novelty & Loan Co.*,
489 F.2d 461 (9th Cir. 1973) ...................................................................................................9

*Leer v. Wash. Educ. Ass'n*,
172 F.R.D. 439 (W.D. Wash. 1997) .........................................................................................9

*Missud v. Oakland Coliseum Joint Venture*,
No. 1202967, 2013 WL 812428 (N.D. Cal. March 5, 2013) ..................................................11

*Morrelli v. Corizon Health, Inc.*,
No. 1:18-cv-1395-LJO-SAB, 2019 WL 918210 (E.D. Cal. Feb. 25, 2019) .............................8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)......................................................................................................................7

*Panag v. Farmers Ins. Co. of Wash.*,
204 P.3d 885 (Wash. 2009)........................................................................................................8

*Picciano v. Clark Cty.*,
No. 3:20-cv-06106-DGE, 2022 WL 36893 (W.D. Wash. Jan. 4, 2022)..............................9, 10

*Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010).....................................................................4

*Revitch v. Uber Techs., Inc.*,
No. 18-CV-2974-PSG-GJS, 2018 WL 6340755 (C.D. Cal. Sept. 5, 2018)..............................3

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*State v. Mandatory Poster Agency, Inc.*,
398 P.3d 1271 (Wash. Ct. App. 2017)...........................................................................................7

*Stephens v. Omni Ins. Co.*,
159 P.3d 10 (Wash. Ct. App. 2007).............................................................................................12

*Thillens, Inc. v. Cmty. Currency Exch. Ass'n of Ill., Inc.*,
97 F.R.D. 668 (N.D. Ill. 1983).....................................................................................................9

*Williams v. Albertsons Companies LLC*,
822 F. App'x 579 (9th Cir. 2020) ...............................................................................................10

*World, L.L.C. v. Atlas Choice Corp.*,
No. 1:15 CV 24, 2015 WL 2381624 (N.D. Ohio May 19, 2015)...............................................10

**RULES**

Fed. R. Civ. P. 8(a)(2)....................................................................................................................7

Fed. R. Civ. P. 12(b)(6)..................................................................................................................2

Fed. R. Civ. P. 23(a)(1)..................................................................................................................9

Fed. R. Civ. P. 23(g)......................................................................................................................12

JAMS Streamlined R. 8(b).............................................................................................................4

Local Rules W.D. Wash. LCR 7(b)(2) ........................................................................................10

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – v

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.      INTRODUCTION

Plaintiff Seth Reynolds's Opposition lobs untrue accusations, raises irrelevant issues, mischaracterizes Defendants' arguments, and injects new allegations. Mr. Reynolds is far off base. He has no justification, for example, for accusing Safeway of a long history of "wrongful advertising behavior" because of a single lawsuit from the 1960s or accusing Defendants of profiting off the pandemic because Mr. Reynolds was accidentally overcharged $12.80 and then *refunded more than four times the accidental overcharge*. The Court should focus on the facts Mr. Reynolds alleged in his Complaint—not on his unsupported and unhelpful accusations.

Regardless of Mr. Reynolds's efforts to distract from the real issues, his Opposition confirms that he agreed to individual arbitration. He does not dispute that he accepted the Terms of Use with the arbitration provision, arguing only that his claims fall outside its scope. He agreed, however, that an arbitrator—not the Court—would consider any issues as to scope. Regardless, Mr. Reynolds fails to show that his claims fall outside the arbitration provision.

Mr. Reynolds also fails to show that his claims for alleged violations of the Washington Consumer Protection Act ("CPA") and for fraudulent inducement and against Albertsons Companies, Inc. ("ACI") on a *respondeat superior* theory can survive dismissal. His sojourn into irrelevant contract interpretation, attempt to use class-action procedure to cure his otherwise defective claims, failure to address Defendants' arguments about the fraudulent inducement claim, and assertion of new—but still conclusory—facts to support his claims all reveal that his allegations are insufficient as a matter of law.

Finally, Mr. Reynolds acknowledges that serving as both class representative and class counsel creates a conflict of interest. But he urges the Court to ignore the vast authority rejecting an attorney's attempt to do exactly what he attempts here and let him continue in the dual roles. And more than that, he also requests that the Court award him now—*at the motion-to-dismiss stage and pre-class certification*—a percentage of any fees ultimately recovered. He unsurprisingly offers no support for that proposal at this stage or to cure the conflict.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Court should compel Mr. Reynolds's claims to arbitration as he agreed. In the alternative, the Court should dismiss with prejudice for failure to state a claim under Rule 12(b)(6) and strike his class allegations because of the conflict of interest.

## II.      ARGUMENT

### A.      Mr. Reynolds must arbitrate the claims he asserts in this case.

#### 1.      Mr. Reynolds does not dispute that he agreed to individual arbitration.

Mr. Reynolds does not dispute that he accepted the Terms of Use, including the arbitration provision and delegation clause. As Defendants explained, courts routinely enforce agreements to arbitrate where, just as Mr. Reynolds did, a customer affirmatively assents after conspicuous notice of and a reasonable opportunity to review the terms. *See* Mot. at 14–17.

Before making his online grocery purchase, Mr. Reynolds received notice of the Terms of Use and had the opportunity to review them by clicking on a conspicuous, visually distinct red (and underlined) hyperlink. Declaration of Samarpit Mhatre ("Mhatre Decl."), ECF No. 25, ¶ 12, Ex. B. Mr. Reynolds agreed to the Terms of Use by affirmatively selecting the "Place Order" button immediately below the statement that "[b]y clicking 'Place Order', you acknowledge that you have read and agree to the Albertsons Companies' Terms of Use . . . and that they apply to this order." *See id.*

The Ninth Circuit recently reaffirmed that an agreement presented by the same process as the one here is enforceable. In *Berman v. Freedom Financial Network, LLC*, --- F.4th ---, 2022 WL 1010531 (9th Cir. Apr. 5, 2022), the court held that "[a] user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms." *Id.* at *6. The court also confirmed that "it is permissible to disclose terms and conditions through a hyperlink" when "the fact that a hyperlink is present [is] readily apparent." *Id.* Both features are present here, and the Court should compel arbitration.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 2

**2.** **Mr. Reynolds ignores that the parties agreed to delegate arbitrability issues to the arbitrator, and the Court cannot decide those issues.**

To attempt to avoid arbitration, Mr. Reynolds argues that his claims fall outside the scope of the arbitration provision. Opp. at 7, 17–20. But as the Supreme Court instructs, "a court may not decide an arbitrability question," such as the scope of the agreement, that the parties have "clearly and unmistakably delegated to an arbitrator." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, --- U.S. ----, 139 S. Ct. 524, 530 (2019); *see also Flores v. Uber Techs.*, No. 17-CV-8503-PSG-GJS, 2018 WL 5937253, at *4 (C.D. Cal. Sept. 5, 2018) (holding that court may not "assess" scope when agreement "clearly delegates the threshold issue of arbitrability"); *Revitch v. Uber Techs., Inc.*, No. 18-CV-2974-PSG-GJS, 2018 WL 6340755, at *5 (C.D. Cal. Sept. 5, 2018) (holding that "delegation" reserves "public injunctive relief question" for arbitration).

Mr. Reynolds contends that Defendants did not cite "any language in the contract" showing the parties agreed to delegate arbitrability questions. Opp. at 17. But Defendants demonstrated *two* ways the parties did just that. *See* Mot. at 17–19.

*First*, the parties agreed that "all controversies, claims, counterclaims, or other disputes" related to the Terms of Use would be subject to mandatory arbitration. Mhatre Decl. ¶ 8, Ex. A ("TOU") at 10. An arbitration provision that covers "all disputes and claims that arise from or relate to the Agreement . . . necessarily include[s] the enforceability of the arbitration agreement." *In re Wyze Data Incident Litig.*, No. C20-0282-JCC, 2020 WL 6202724, at *3 (W.D. Wash. Oct. 22, 2020) (cleaned up). Thus, the arbitration provision explicitly delegated any questions about scope to the arbitrator.

*Second*, the parties agreed that arbitration would be governed by the Judicial Arbitration and Mediation Services (JAMS) rules and incorporated those rules into the agreement. TOU at 10. Incorporating rules that expressly state an arbitrator will rule on arbitrability issues is "clear and unmistakable evidence" the parties delegated those issues. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *see also* JAMS Streamlined R. 8(b) (empowering arbitrator to rule

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

on "[j]urisdictional and arbitrability disputes, including . . . scope").

Mr. Reynolds does not challenge the delegation clause itself, which is fatal to his attempt to avoid the agreed-upon clause. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010). The Supreme Court is clear that "unless" the plaintiff "challenged the delegation provision specifically," a court "must enforce it" and "leav[e]" other challenges to "the arbitrator." *Id.*

In any event, Mr. Reynolds's other arguments fail. He asserts that the Court should decide whether his claims are subject to arbitration because the arbitration provision allows a party to bring in court claims for "public injunctive relief and/or provisional relief, including pre-arbitral attachments or preliminary injunctions." Opp. at 18. But Mr. Reynolds does not seek any provisional relief, pre-arbitral attachments, or preliminary injunctions. SAC at 9. And Mr. Reynolds's ability to pursue in court a claim for public injunctive relief depends on whether he asserts such relief as "*defined by law*." TOU at 10 (emphasis added). That is a threshold arbitrability issue the parties agreed to delegate.

Mr. Reynolds also contends that the Court should decide issues about scope because if the arbitrator makes "errors of law," the parties "would then return to this Court to resolve that issue of law." Opp. at 17 (citing TOU at 11). But even if such a clause could nullify the express delegation, the Terms of Use state that "*[i]n the arbitration proceeding*, the arbitrator has no authority to make errors of law, and any award may be challenged if the arbitrator does so." TOU at 11. The Terms of Use therefore allow a party that believes the arbitrator erred to challenge the error in arbitration, not in court. That makes sense because parties generally cannot contract for judicial review of arbitral awards beyond what the Federal Arbitration Act allows. *See Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012).

Once the Court concludes Mr. Reynolds agreed to the Terms of Use—including the arbitration provision and delegation clause—the Court's inquiry ends. "[A] court possesses no power to decide" arbitrability issues the parties have delegated. *Henry Schein*, 139 S. Ct. at 530.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**3.     Even if the Court considers the issue of scope, Mr. Reynolds has not shown that his claims fall outside the arbitration provision.**

Even if the Court reaches the issue of scope, however, Mr. Reynolds's arguments on that front come up short. Mr. Reynolds's Complaint does not include a claim for "public injunctive relief (as defined by law)," and the Terms of Use, including the arbitration provision, cover his online grocery purchase. Opp. at 17–20.

As to the allegedly "public" injunctive relief, Mr. Reynolds contends that because the "focus of the proposed injunction is to prevent future deceptive representations," the injunction must benefit the public. Opp. at 19. But the Ninth Circuit has held that prospective relief is *not* public when the injunction would primarily benefit a group of similarly situated persons "rather than the general public," even if the relief is "forward-looking." *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 549 (9th Cir. 2021).

That is exactly the case here because an injunction affecting Safeway's disclosures would benefit only customers who shop for and purchase groceries online from Safeway. That specific group does not constitute the "general public." *Hodges*, 21 F.4th at 548; *see also Fernandez v. Bridgecrest Credit Co.*, 2022 WL 898593, at *1 (9th Cir. Mar. 28, 2022) (reversing district court where proposed injunction "cannot constitute public injunctive relief because it only stands to benefit customers whose vehicle purchase contracts are assigned to" defendant).

Mr. Reynolds also asserts that the proposed injunction is "public" because the CPA does not require reliance and the Court need only consider whether "representations on Defendants' homepages could deceive the least sophisticated consumer." Opp. at 20 (emphasis omitted). But injunctive relief is *not* public when it "require[s] . . . examination of which individualized disclosures have or have not been made." *Hodges*, 21 F.4th at 549. Mr. Reynolds's proposed injunction would require exactly such a consideration: of what the alleged representations were, who saw them and when, and what customers may have thought they meant.

For those reasons, Mr. Reynolds cannot avoid his contractual obligation to arbitrate

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 5

simply because his Complaint uses the phrase "public injunctive relief." To hold otherwise would allow an approach the Ninth Circuit has rejected. *Hodges*, 21 F.4th at 548; *Fernandez*, 2022 WL 898593, at *1.

Mr. Reynolds also fails to show that public injunctive relief "as defined by law" refers to anything other than relief available under California law. TOU at 10. He merely doubles down on the circular logic in his Complaint, asserting that because the state attorney general "can act[] in the name of the state" and "petition for the enforcement of the injunction," his requested injunction must be "public." Opp. at 18 (cleaned up). The fact that the attorney general can act in the public interest does not make Mr. Reynolds's requested injunction public in nature. His citations to California law further confirm that the arbitration provision refers to relief available under that state's law. *Id.* at 17–19. This is another reason that—if the Court reaches the issue—the carveout for "cases involving public injunctive relief (as defined by law)" does not apply.

Mr. Reynolds also asserts that his claims are not subject to arbitration because they are "not related to" the Terms of Use. *Id.* at 20. That is incorrect. The arbitration provision applies to "all controversies, claims, counterclaims, or other disputes arising between you and Company *relating to these Terms or arising out of your access to or use of any of the Sites*." TOU at 10 (emphasis added). The Terms of Use "apply to all Company banners' websites, online ordering services and mobile applications linking to or posting these Terms" and define "Sites" as each "banner website, online ordering service and mobile application." *Id.* at 2. Mr. Reynolds acknowledges that he accessed and used Safeway's website to place his order; indeed, his claims rest entirely on that purchase, an act expressly subject to the Terms of Use. SAC ¶¶ 2.3–2.14.

This is not a close call. Mr. Reynolds's claims fall within the scope of the arbitration provision because he does not actually seek public injunctive relief and his claims are related to his purchase on Safeway's website. But if the Court reaches this issue and has any doubt that the arbitration provision covers Mr. Reynolds's claims, the Court should resolve that doubt in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B.      Mr. Reynolds fails to show that he has alleged plausible claims for relief.**

If the Court does not compel arbitration, however, it should dismiss Mr. Reynolds's claims. Although he casts the standard as requiring "only a short and plain statement of the claim," Opp. at 11 (quoting Fed. R. Civ. P. 8(a)(2)), in order to do so, he must comply with the now-familiar requirement to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). He has not met that standard for any of his claims.

**1.      Mr. Reynolds engages in a convoluted contract-law analysis that does not demonstrate he sufficiently alleges his CPA claim.**

Mr. Reynolds mistakes Defendants' argument that he has not alleged any unfair or deceptive practice for an argument that his CPA claim is contractually barred. *See* Opp. at 2; *see also* Mot. at 22–26. Defendants never made any such argument, and the Court has no reason to wade through "contractual interpretation" issues to address his CPA claim.[1] Opp. at 7.

The standard for pleading a deceptive practice is whether the alleged act had the "capacity to deceive a substantial portion of the public," *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986), because it was likely to mislead a "reasonable consumer," *State v. Mandatory Poster Agency, Inc.*, 398 P.3d 1271, 1277 (Wash. Ct. App. 2017). Mr. Reynolds contends that a reasonable consumer could have been misled by the Policy because "prominent disclosures of the truth are not sufficient to rectify other misleading representation[s]."[2] Opp. at 4. He ignores, however, that he cherrypicked—both in his Complaint and again in his Opposition—one sentence from Safeway's Policy to allege that Safeway deceived customers and did not inform them of potential price changes. SAC ¶¶ 2.2, 2.17; Opp. at 10. But the *entire* Policy is what sheds light on the "net impression" a reasonable consumer would have from Safeway's disclosures, not a single sentence from it. *Panag v. Farmers Ins. Co.*

---

[1] But even if the Court interpreted Safeway's Pricing Policies (the "Policy") as a contract, the whole Policy—and not just the isolated sentence Mr. Reynolds prefers—should be given effect. *Berg v. Hudesman*, 801 P.2d 222, 228 (Wash. 1990) (holding that parties' intent is determined in part "by viewing the contract as a whole").

[2] Defendants also showed that Mr. Reynolds did not adequately plead an unfair practice. *See* Mot. at 22–25. But because Mr. Reynolds does not substantively address that argument, Defendants do not further address it in reply.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*of Wash.*, 204 P.3d 885, 895 (Wash. 2009). And what the entire Policy conveys is that online prices and order totals were estimates and could change. *See id.* at 895–96 (looking at full document to determine net impression); Mhatre Decl. ¶ 19, Ex. C.

Nor is there any merit to Mr. Reynolds's suggestion that Safeway did not surface the full Policy. Opp. at 14. Safeway "disclosed" the Policy "to customers during the online checkout process before customers make a purchase." Mhatre Decl. ¶ 20; *see also id.* ¶ 19, Ex. C. And as Mr. Reynolds's own exhibit shows, the Safeway homepage informed customers that "[w]e also adjust the amount charged for out-of-stock items, substitute products, weighted items, and offers." Declaration of Seth Reynolds ("Reynolds Decl."), ECF No. 26-1, ¶ 2, Ex. 1 at 6.

### 2.   Mr. Reynolds cannot wield class-action procedure to save his defectively pleaded claims.

Mr. Reynolds otherwise tries to stave off dismissal of his CPA claim by invoking class action procedure, but procedural devices cannot rescue his defective claims.

Mr. Reynolds contends he adequately alleges "public interest impact" for the CPA claim because "the numbers" of the class he alleges "are more than sufficient." Opp. at 15. But he cites no authority supporting the proposition that asserting a class can make up for failing to adequately plead facts supporting the elements of a claim.

Mr. Reynolds must instead allege facts allowing the Court to reasonably infer "the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion," and he has not. *Hangman*, 719 P.2d at 538. Merely identifying the alleged number of total Safeway customers, many of whom are not even alleged to have made online purchases, does not suggest that the purported injury reached farther than this one transaction. *See Morrelli v. Corizon Health, Inc.*, No. 1:18-cv-1395-LJO-SAB, 2019 WL 918210, at *12 (E.D. Cal. Feb. 25, 2019) ("[A] class action is a procedural device, not a claim for relief."). All it does is attempt to address the procedural prerequisite that a class be sufficiently "numerous." Fed. R. Civ. P. 23(a)(1).

Mr. Reynolds also turns to class action procedure to address his failure to state a CPA

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 8

claim against Albertson's LLC ("Albertson's"). Mr. Reynolds does not dispute that he has not pleaded any facts alleging a specific deceptive act or practice *by Albertson's* that he experienced or any injury caused *by Albertson's*. *See* Mot. at 23–24; SAC ¶¶ 3.8–3.9 (acknowledging that he "went to Safeway's online ordering platform" and "ordered through [that] platform").

To get around that failure, Mr. Reynolds now suggests he will seek to certify Defendants as a class *in addition to* certifying a plaintiff class. Opp. at 15. That suggests Mr. Reynolds understands the claims against Albertson's (and ACI) must be dismissed because there is no reason to certify a class of defendants who are already named parties. In any event, Mr. Reynolds did not allege a defendant class, pleading only a plaintiff class. *See, e.g.*, SAC ¶ 3.1. He cannot now amend his Complaint through his Opposition. *Picciano v. Clark Cty.*, No. 3:20-cv-06106-DGE, 2022 WL 36893, at *2 (W.D. Wash. Jan. 4, 2022) (holding that "the Court cannot rely on an opposition brief to cure glaring deficiencies" in complaint).

Moreover, Mr. Reynolds generally cannot use a class action to assert claims against a defendant who did not injure him and for which he cannot otherwise plead a claim. *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462 (9th Cir. 1973); *see also Leer v. Wash. Educ. Ass'n*, 172 F.R.D. 439, 447 (W.D. Wash. 1997) (same). For that reason, "[t]here is great judicial reluctance to certify a defendant class *when the action is brought by a plaintiff class*." *Thillens, Inc. v. Cmty. Currency Exch. Ass'n of Ill., Inc.*, 97 F.R.D. 668, 675 (N.D. Ill. 1983).

> **3.    Mr. Reynolds's failure to address the fraudulent inducement claim is an admission that Defendants' arguments have merit.**

Mr. Reynolds does not address Defendants' arguments showing that he fails to state a claim for fraudulent inducement for the same reasons as the CPA claim fails *and* because the allegedly fraudulent statement was not a statement of an existing fact and Mr. Reynolds did not allege reliance. Mot. at 27.

Mr. Reynolds has waived any opposition to these arguments and conceded them, which is yet another reason the Court should dismiss the claim. *Abogados v. AT&T, Inc.*, 223 F.3d 932,

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

937 (9th Cir. 2000) (enforcing waiver where party in "opposition papers . . . did not offer the district court his contrary interpretation"); Local Rules W.D. Wash. LCR 7(b)(2).

**4.      Mr. Reynolds's new allegations—pleaded only in opposition—confirm that he has not sufficiently alleged *respondeat superior* liability.**

Mr. Reynolds's Opposition confirms that he has not sufficiently alleged *respondeat superior* liability against ACI. He does not contest that he failed to allege ACI directly participates in or otherwise directs the conduct of Safeway and Albertson's. Nor does he contest that he pleaded no facts even remotely suggesting that ACI "misused" the corporate form. As Defendants pointed out, multiple cases involving *the same defendants* held that conclusory, threadbare allegations of *respondeat superior* liability and related theories—just as Mr. Reynolds pleads here—are insufficient. Mot. at 27–29 (discussing *Williams v. Albertsons Companies LLC*, 822 F. App'x 579, 581 (9th Cir. 2020); *Hagstrom v. Safeway Inc.*, No. C20-1160 RAJ-TLF, 2020 WL 6826736, at *3(W.D. Wash. Nov. 20, 2020)).

Because his allegations fall so far short, Mr. Reynolds incorrectly asserts that Defendants "recognize" the truth of his allegations. Opp. at 16. But Defendants merely accepted as true Mr. Reynolds's allegations as they (and the Court) must at the motion-to-dismiss stage. *Confederated Tribes & Bands of Yakama Nation v. Yakima Cty.*, 963 F.3d 982, 989 (9th Cir. 2020).

Mr. Reynolds also urges the Court to consider new and unpleaded allegations: that "ACI is the sole entity making management decisions for both Safeway Inc. and Albertson's LLC"; that ACI "wrote and imposed" the allegedly "deceptive policy"; and that the Terms of Use show ACI is liable for its subsidiaries' alleged actions because the Terms reference all three entities. Opp. at 16. Again, he cannot amend his allegations through an opposition brief. *Picciano*, 2022 WL 36893, at *2. And the Terms of Use confirm only that Albertson's and Safeway are subsidiaries of ACI, *see* TOU at 1; that is insufficient to allege liability by a parent corporation, *Bastida v. Nat'l Holdings Corp.*, No. C16-388RSL, 2016 WL 4250135, at *2 (W.D. Wash. Aug. 4, 2016); *cf. Ahlstrom v. DHI Mortg. Co.*, 21 F.4th 631, 636 n.4 (9th Cir. 2021) (recognizing that

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

arbitration agreement "could perhaps have defined 'the Company' to include" subsidiary).

* * *

The Court should dismiss Mr. Reynolds' claims with prejudice. Any amendment would be futile: Mr. Reynolds undisputedly agreed to individual arbitration; all threshold arbitrability issues have been delegated to the arbitrator; he cannot allege deception or public interest impact under the CPA; and he cannot allege liability by Albertson's or ACI. *See supra* §§ III.A–B; *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

### C.   Mr. Reynolds acknowledges that allowing him to proceed as both class counsel and class representative creates a conflict of interest.

Finally, Mr. Reynolds acknowledges that it may not be "a particularly good idea to appoint the lead plaintiff as class counsel" and that he is "not unmindful of the disfavor with which courts tend to view pro se actions by attorneys." Opp. at 21. Those acknowledgements reinforce that the Court should strike his class allegations because he "attempts to act as both class counsel and class representative." *Missud v. Oakland Coliseum Joint Venture*, No. 1202967, 2013 WL 812428, at *26 (N.D. Cal. March 5, 2013); *see also* Mot. at 29–30.[3]

Mr. Reynolds nonetheless urges the Court to ignore the conflict and implement one of three inappropriate "solutions": (1) rule now on the percentage of funds Mr. Reynolds could recover as class counsel, (2) appoint Mr. Reynolds as interim counsel so he can find a substitute class representative, and (3) declare that Mr. Reynolds is not a necessary witness. Opp. at 21–25.

*First*, as to an early fee ruling, Mr. Reynolds gets far ahead of himself. He cites no authority suggesting that the Court can determine a percentage recovery for him at this stage of the case. It would be inappropriate to establish any recovery before the Court considers class certification, before any settlement, and before anyone establishes any entitlement to damages or settlement funds. And it would be even more so here because the conflict is of Mr. Reynolds's

---

[3] Mr. Reynolds tries to distinguish *In re California Micro Devices Securities Litigation*, 168 F.R.D. 257, 260 (N.D. Cal. 1996), because it involves an alleged securities violation rather than a consumer-protection claim. Opp. at 21. That distinction is immaterial because the class conflict Mr. Reynolds has created by serving in a dual role exists no matter the underlying claims.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 11

own making; he could have avoided it by hiring counsel to represent him.

He misplaces reliance on the Advisory Committee Notes to Federal Rule of Civil Procedure 23(g) because the Note makes clear that a court's consideration of potential fee awards when determining class counsel applies when choosing between "multiple applicants to be class counsel." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. More importantly, the Note emphasizes Defendants' precise point: a court must consider conflicts with class counsel because the "activity of class counsel [is] often critically important." *See id.*

*Second*, formalizing Mr. Reynolds's role as interim class counsel would not address the conflict because Mr. Reynolds would still proceed for some period in the impermissible, conflict-generating dual role. There is also no indication that he could identify another plaintiff, and, contrary to his assertion, neither of the cases he cites supports that he should receive discovery "for purposes of finding a substitute lead plaintiff." Opp. at 25 (citing *Stephens v. Omni Ins. Co.*, 159 P.3d 10, 28 (Wash. Ct. App. 2007) (holding that discovery issue was moot); *Best Buy Stores, L.P. v. Superior Court*, 137 Cal. App. 4th 772 (Cal. Ct. App. 2006) (holding under California law that allowing discovery to find replacement plaintiff did not violate attorney's ethical obligations on prohibited solicitation)).

*Third*, Mr. Reynolds downplays his role and potential testimony, contending that he is "only a relevant witness" on one "uncontested" issue. Opp. at 24. The parties have not agreed at this point that any fact is uncontested, and Mr. Reynolds remains a necessary witness. Allowing him to proceed raises an ethical issue. *World, L.L.C. v. Atlas Choice Corp.*, No. 1:15 CV 24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015).

### III.   CONCLUSION

Mr. Reynolds agreed to arbitrate claims on an individual basis and to delegate threshold arbitrability questions to the arbitrator. The Court should therefore grant the motion to compel arbitration and dismiss. If the Court declines to compel arbitration, the Court should dismiss with prejudice for failure to state a claim or strike the improper class allegations.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Respectfully submitted this 22nd day of April, 2022.

*s/ David A. Perez*
James F. Williams, WSBA No. 23613
JWilliams@perkinscoie.com
David A. Perez, WSBA No. 43957
DPerez@perkinscoie.com
Mallory Gitt Webster, WSBA No. 50025
MWebster@perkinscoie.com
Madeline D. Swan, WSBA No. 56355
MSwan@perkinscoie.com

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants Safeway, Inc.,
Albertson's LLC, and Albertsons Companies,
Inc.

REPLY ISO MOTION TO COMPEL
ARBITRATION OR DISMISS
(No. 2:22-cv-00197-TL) – 13